

# FILED

SEP 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL BENNETT, Co-Administrators of the Estate of Marla Ann Bennett; LINDA BENNETT, as Co-Administrators of the Estate of Maria Ann Bennett, | No. 19-15101 |
| | D.C. No. 3:11-cv-05807-CRB |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| THE ISLAMIC REPUBLIC OF IRAN; THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, | |
| Defendants, | |
| v. | |
| FRANKLIN RESOURCES, INC.; VISA INC., | |
| Third-party-plaintiffs-Appellees, | |
| v. | |
| BANK MELLI, | |
| Third-party-defendant-Appellant, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ESTATE OF MEIR KAHANE; et al.,

Third-party-defendants-
Appellees.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted September 23, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and GRABER and BERZON, Circuit Judges.

This case comes before us for the second time. We previously affirmed the denial of Bank Melli's motion to dismiss. We recognized that, for blocked assets "to be subject to execution or attachment" under § 201(a) of the Terrorism Risk Insurance Act ("TRIA"), "the blocked assets must be 'assets of' the instrumentality." Bennett v. Islamic Republic of Iran, 825 F.3d 949, 963 (9th Cir. 2016), abrogated on other grounds by Rubin v. Islamic Republic of Iran, 138 S. Ct. 816 (2018). As relevant here, we then held that, on the facts alleged, the blocked assets in dispute are property of Bank Melli and so may be assigned to judgment creditors. Id. at 963–64.

Subsequently, the district court granted Plaintiffs' motion for summary judgment, holding that the funds that Visa deposited in the district court's registry are Bank Melli's property and, therefore, are subject to attachment under TRIA § 201(a). On Bank Melli's timely appeal from the resulting judgment, we affirm.

Bank Melli argues that a genuine issue of material fact exists as to whether it "owns" the funds, because two of Visa's regulatory filings listed Visa as "owner" of the funds. That argument is unavailing for two reasons.

First, that issue of fact is not material. Bank Melli does not dispute any of the facts alleged in the complaint, on which we rested our holding that the blocked assets are property of Bank Melli. For example, Bank Melli has a contractual right to obtain payments from Visa. Bank Melli concedes that it has "an interest in the funds" and a "right to receive payment of the debt that Visa owes." Our previous holding is now the law of the circuit, and it controls here. See Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (holding that exceptions to the law of the case doctrine do not apply when the prior decision was a published opinion from this circuit, "which must be followed unless and until overruled by a body competent to do so" (internal quotation marks omitted)).

Second, even if we were to consider the "ownership" facts to be material, the documents on which Bank Melli relies do not create a genuine issue of fact.

3

Reading the documents as a whole and in context, they describe the accounts as "hold[ing] Bank Melli funds."

Given our disposition of this issue, we need not reach the remaining arguments.

**AFFIRMED.**